# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **HOSTFORWEB INCORPORATED,** an Illinois company,<br><br>Plaintiff,<br><br>v.<br><br>**Cloud Equity Group SIM LLC; Cloud Equity Group SPG LLC; Cloud Equity Investors, LLC; and, Cloud Equity Group, LLC, SEAN FRANK; MOHAN NADARAJAH; RAU RAJAN; Host for Web, Inc., a Delaware corporation; OCI-Host-For-Web, LLC, a Delaware limited liability company;**<br><br>Defendants. | No. 19 C 00075<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION & ORDER

Plaintiff Hostforweb Incorporated ("Plaintiff") filed suit against Defendants Cloud Equity Group SIM LLC, Cloud Equity Group SPG LLC, Cloud Equity Investors, LLC, Cloud Equity Group, LLC, Sean Frank ("Frank"), and OCI-HostForWeb, LLC ("OCI") (collectively "Cloud Equity Defendants"), and Defendants Mohan Nadarajah ("Mohan"), Ray Rajan ("Rajan"), and Host-For-Web, Inc. ("HFW, Inc.") for breach of contract, fraud and civil conspiracy. The Defendants move to dismiss with prejudice under Rule 12(b)(3) for improper venue. Cloud Equity Defendants also move to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.[1] For

---

[1] Defendants also moved to dismiss for lack of subject matter jurisdiction, but supplemental briefing has established there is diversity jurisdiction. (Dkt. 17 at 2; Dkt. 32 at 1–2).

the following reasons, Defendants' motions to dismiss under Rule 12(b)(3), (Dkt. 8), (Dkt. 10) (Dkt. 18), are granted without prejudice.

## BACKGROUND

The following facts are alleged in Plaintiff's Complaint and are presumed true for the purpose of resolving the pending motions. HFW, Inc., a Delaware company, purchased the assets of Plaintiff, an Illinois company, pursuant to an Asset and Stock Purchase Agreement which was executed on August 29, 2014. Mohan and Ray, both residents of Canada and directors of HFW, Inc., had authority to conduct business and execute transactions on behalf of HFW, Inc. A Promissory Note was executed and delivered on August 29, 2014 in the amount of $1,550,00 from HFW, Inc. to Plaintiff. To secure the Promissory Note, HFW, Inc. granted Plaintiff a security interest in all the assets transferred in the Asset and Stock Purchase Agreement and pledged all outstanding and issued shares of stock in HFW, Inc., through a Share Pledge Agreement.

On December 14, 2016, Plaintiff filed suit in the Circuit Court of Cook County, Chancery Division against HFW, Inc., Ray and Mohan claiming they failed to make payments under the Promissory Note. Plaintiff exercised its right to take ownership of all outstanding and issued shares of HFW, Inc. pursuant to the Share Pledge Agreement. On January 26, 2017, Plaintiff and the defendants to the state court litigation signed a Litigation Stay Agreement to allow the HFW, Inc., time to find a third-party buyer.

2

"Cloud Equity Group", collectively consisting of Cloud Equity Group SIM LLC; Cloud Equity Group SPG LLC, Cloud Equity Investors, LLC, and Cloud Equity Group, LLC, all citizens of New York, was secured as a buyer. Frank, a citizen of Delaware, was the authorized representative of Cloud Equity Group. Frank and Cloud Equity Group formed OCI, a Delaware limited liability company, to purchase the assets of HFW, Inc. The purchase was accomplished through an Asset Purchase Agreement ("APA") executed on March 23, 2017.

In this case Plaintiff alleges that Ray, Mohan, Frank and Cloud Equity Group represented to Plaintiff that the APA defined term "Target Annual Revenue" would "mean and contain the actual annualized revenue of active service at close for HFW [Inc.]." (Dkt. 1 at ¶19). The Complaint further alleges that on November 10, 2017, Ray confirmed to Plaintiff that "the actual and historical annualized revenue at active service at close was $3,603,000.00." (Dkt. 1 at ¶21). The Complaint explains that the "final draft of the APA, signed by Frank, Ray and Mohan, which Plaintiff's counsel had never previously approved, defined Target Annual Revenue as meaning $3,603,000.00." (Dkt. 1 at ¶22, *citing* APA).

Plaintiff alleges that based on these representations, Plaintiff and HFW, Inc., resolved the issues in the prior litigation through a Settlement Agreement, allowing Ray and Mohan to sell the assets of HFW, Inc. to the Cloud Equity Group. Plaintiff alleges that it has since discovered that "the actual and historical revenue was between 10% and 20% lower" than the Target Annual Income. (*Id.* ¶25). According to Plaintiff the Target Annual Income was artificially inflated in the APA to defraud

3

Plaintiff. Moreover, OCI and Cloud Equity Group failed to make the final payment "even using the fictitious Target Annual Revenue." (Dkt. 1 at ¶28).

On January 4, 2019, Plaintiff filed suit in this Court claiming: (1) breach of contract against Cloud Equity Defendants for failing to fulfill their obligations pursuant to the APA; (2) fraud against all Defendants for fraudulently increasing the Target Annual Revenue to induce Plaintiff to release its lien on shares of stock and to enter into a Settlement Agreement in the prior litigation; and 3) conspiracy against the Defendants for entering into the APA to deliberately mislead Plaintiff about the actual and historical annualized revenue of active service at close being $3,603,000.00.

Defendants move to dismiss Rule 12(b)(3) for improper venue because the forum selection clause contained in the APA requires that any litigation arising under it be brought in Delaware. (Dkt. 17 at 2; Dkt. 18 at 2; Dkt. 21 at 1). Cloud Equity Defendants also move to dismiss under Rule 12(b)(3) for lack of personal jurisdiction arguing that Plaintiff "fails to allege any facts establishing personal jurisdiction over the Cloud Equity Defendants." (Dkt. 17 at 2).

## **DISCUSSION**

Defendants argue that because Plaintiff alleges it is a "direct third-party beneficiary of the APA," Plaintiff is bound by the forum selection clause in the APA, which requires that any litigation arising under the APA must be brought in Delaware. (Dkt. 8 at 2; Dkt. 10 at 2) (*citing* Dkt. 1, ¶30). Plaintiff argues that it is not

4

bound to the forum selection clause in the APA because (1) it is not a party to the APA; and (2) the forum selection clause in the Settlement Agreement, signed by all parties, is Illinois. (Dkt. 21 at 2).

Federal Rule of Civil Procedure 12(b)(3) permits dismissal for improper venue. "A lack of venue challenge, based upon a forum-selection clause, is appropriately brought as a Rule 12(b)(3) motion to dismiss." *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 606–607 (7th Cir. 2003) (citations omitted). Under Rule 12(b)(3), the court must take all allegations in the complaint as true. *Deb v. Sirva, Inc.,* 832 F.3d 800, 809 (7th Cir. 2016). When a defendant challenges venue under Rule 12(b)(3), Plaintiff bears the burden of showing that venue is proper. *Retreat Properties, LLC v. KA Designworks Inc.,* No. 17 C 5608, 2018 WL 4339378, at *8 (N.D. Ill. Sept. 11, 2018).

The two operative documents in this case, the Settlement Agreement and the APA, contain two different choice of forum selections, Illinois and Delaware, respectively. The governing law clause in the Settlement Agreement states: "This Agreement will be governed by the laws of the State of Illinois and the dispute shall be determined by … a Court of competent jurisdiction in the State of Illinois." (Dkt. 21, Ex. 1 at 6). The APA, on the other hand, contains a forum selection clause which requires the parties to "submit to the jurisdiction of the courts of the State of Delaware or the courts of the United States located in the State of Delaware in respect of the interpretation and enforcement of the provisions of this Agreement and the other Transaction Documents." (Dkt. 1, Ex. 2 at 32).

A review of the Complaint leads to the conclusion that Defendants' improper venue argument is correct.[2] The Complaint begins by asserting a breach of contract claim against the Cloud Equity Defendants based on their "failure to make the final payment to Plaintiff when due … *a clear violation of the APA*". (Dkt. 1 at ¶31) (emphasis added). In alleging that the Cloud Equity Defendants violated the APA, Plaintiff alleges, as it must, that it is a "direct third-party beneficiary of the APA." (Dkt. 1 at ¶30). The Court assumes this is true at this stage of the proceedings. But Plaintiff cannot assert it is a third-party beneficiary to the APA and argue it is not bound by the forum selection clause in the APA because it is not a party to the agreement. As a third-party beneficiary seeking to enforce the APA, Plaintiff is bound by all the provisions in the APA, including a valid forum selection clause contained therein. *Hughes Masonry Co. v. Greater Clark County School Bldg. Corp.*, 659 F.2d 836, 839 (7th Cir. 1981) ("In short, (plaintiff) cannot have it both ways. (It) cannot rely on the contract when it works to its advantage and repudiate it when it works to (its) disadvantage"); *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 890 (7th Cir. 2004) ("Insofar as the plaintiff's third-party beneficiary claim is concerned, the plaintiff is indeed bound by the choice of law and arbitration clauses in the contract."); *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 210 n.7 (7th Cir. 1993) (indicating that "third-party beneficiaries of a contract would, by definition, satisfy the 'closely related' and 'foreseeability' requirements" which are necessary to

---

[2] While Plaintiff did not attach the Settlement Agreement to its Complaint, the Court may consider it for the purposes of resolving a challenge of venue under Rule 12(b)(3). *Deb v. Sirva, Inc.,* 832 F.3d 800, 809 (7th Cir. 2016).

bind a third-party to a contract's forum selection clause). *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.,* No. 1:14-CV-6-RLM-SLC, 2016 WL 2755462, at *2 (N.D. Ind. May 12, 2016) (holding that a third-party beneficiary seeking to enforce a contract was bound to the forum selection clause within that contract). There is no doubt that the allegations contained in Count I belong in a court in Delaware.

The other two counts in the Complaint also allege conduct based on the APA. Count II is a fraud claim against the Defendants and alleges that the Defendants made false statements about the Target Annual Revenue "to induce the Plaintiff to release its lien on shares of stock, [and] to enter into a settlement agreement in the" prior litigation. (Dkt. 1 at ¶38). The false statements about the Target Annual Revenue were allegedly made orally and within the APA. To illustrate the point, Plaintiff attached a copy of the APA to the Complaint. (Dkt. 1, Ex. 2). Count III is a conspiracy claim against the Defendants alleging they misled the Plaintiff that the "actual and historical annualized revenue of active service at close was $3,603,000.00." (Dkt. 1 at ¶40). This information is contained in the APA. While these counts allege Defendants falsely induced Plaintiff to enter into the Settlement Agreement, they do not allege breach of the Settlement Agreement. The alleged misrepresentations that are contained in the APA.

Plaintiff argues that it is bound by the governing law clause located in the Settlement Agreement, which, according to Plaintiff, "contractually obligates the Plaintiff, and the corporate Defendants, to resolve all issues related to the Plaintiff's rights under the APA in a Court located within the State of Illinois." (Dkt. 21 at 2).

This clause requires disputes regarding the Settlement Agreement, not the APA, are governed by laws of the State of Illinois. Here, Plaintiff has not alleged a breach of the Settlement Agreement in its Complaint.

Responding further, Plaintiff notes that the "Payment and Delivery" section of the Settlement Agreement makes payment contingent on the Closing and requires all further payments "in accordance with the terms and subject, in all respects, to the limitations set forth in the APAs." (Dkt. 21 at 2, *citing* Ex. 1 at 3). Plaintiff argues this establishes "plaintiff's right[] to enforce the APA." (Dkt. 21). This ruling is not determining whether Plaintiff has rights under the APA. Instead this ruling is limited to determining that Plaintiff is claiming rights under the APA and, as such, is bound by the forum selection clause contained in the APA: Delaware. Having found that this Court is not the appropriate forum for this case, the Court need not consider Cloud Equity Defendants other arguments in their motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss, (Dkt. 8) (Dkt. 10) (Dkt. 18), are granted without prejudice. Plaintiff must bring the claims asserted in this Complaint in the appropriate forum in Delaware.

8

E N T E R:

Dated: November 14, 2019

_Mary M Rowland_
_____
MARY M. ROWLAND
United States District Judge